**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Petitioners, <br><br> - against - <br><br> IKNA CONSTRUCTION, INC., <br><br> Respondent. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #:_____ <br> DATE FILED: 8/18/2025 <br><br> **25 Cv. 3395 (VM)** <br><br> **DECISION AND ORDER** |

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (collectively, "Petitioners") bring this action against IKNA Construction LLC ("Respondent") to confirm an arbitration award. Now before the Court is Petitioners' unopposed petition to confirm the award (the "Petition"). (See "Pet.," Dkt. No. 1.) Petitioners also seek post-judgment interest pursuant to 28 U.S.C. § 1961 ("Section 1961") and attorneys' fees and costs incurred in this federal action. (See id.) For the reasons

1

explained below, the Petition is **GRANTED IN PART** and **DENIED IN PART**, as the Court confirms the arbitration award but declines to award the full amount of requested litigation costs incurred in this federal action.

## I.   BACKGROUND

On April 24, 2025, Petitioners commenced this action to confirm the arbitration award. (See Pet.) Along with the Petition, Petitioners submitted numerous exhibits related to the underlying arbitration as well as a supporting memorandum of law. (See "Pet'rs' Mem.," Dkt. No. 5.) On July 11, 2025, Petitioners served Respondent with the Petition. (See Dkt. No. 8.) On August 14, 2025, Petitioners requested that the Court construe the Petition as an unopposed motion for summary judgment based on Respondent's failure to respond to the Petition. (See Dkt. No. 9.) To date, Respondent has not entered an appearance in this action or contested the Petition.

## II.   STANDARD OF REVIEW

"The Federal Arbitration Act provides a streamlined process for a party seeking to confirm, vacate, or modify an arbitration award." Global Gold Mining LLC v. Caldera Res., Inc., No. 18 Civ. 4419, 2019 WL 367824, at *4 (S.D.N.Y. Jan. 30, 2019) (citation omitted). In furtherance of this

streamlined procedure, judicial review of an arbitral award is sharply circumscribed "so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71-72 (2d Cir. 2012) (citation omitted). Even where a Court believes the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). Generally, confirmation of an arbitration award "merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).

The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." Neshgold LP v. N.Y. Hotel & Motel Trades Council, AFL-CIO, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (citations omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." Maersk Line Ltd. v. National Air Cargo Grp., Inc., No. 16 Civ. 6272, 2017 WL 4444941, at *2 (S.D.N.Y. Oct. 4, 2017) (citations omitted);

3

Whittaker v. MHR Fund Mgmt. LLC, No. 20 Civ. 7599, 2021 WL 9811715, at *11 (S.D.N.Y. Sept. 28, 2021) ("[C]ourts must grant an arbitration panel's decision great deference." (citation omitted)).

### III. DISCUSSION

Because Respondent has failed to appear or respond to the Petition, the Court treats the Petition as an unopposed motion for summary judgment. (See Dkt. No. 9.) See D.H. Blair, 462 F.3d at 109 (an unopposed petition to confirm an arbitration award should generally be treated "as akin to a motion for summary judgment," not a default judgment); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Krefab Corp., No. 21 Civ. 2520, 2021 WL 3621357, at *1 (S.D.N.Y. Aug. 16, 2021) (regarding unopposed petition to confirm arbitration award as an unopposed motion for summary judgment).

Having reviewed the Petition, the memorandum of law, as well as the accompanying documents, the Court finds that the arbitrator acted within the scope of his authority. See New York City Dist. Council of Carpenters v. Gen-Cap Indus., Inc., No. 11 Civ. 8425, 2012 WL 2958265, at *3 (S.D.N.Y. July 20, 2012). Further, Petitioners have shown that there is no dispute of material fact and that Petitioners are entitled to

4

judgment as a matter of law. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. BP Interiors Corp., No. 23 Civ. 10692, 2024 WL 4150726, at *1 (S.D.N.Y. Aug. 5, 2024). The Court therefore confirms the arbitration award.

The Court is also persuaded that Petitioners' request for attorneys' fees is proper. Generally, "the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation" absent express statutory authority. Bliven v. Hunt, 579 F.3d 204, 212 (2d Cir. 2009). In the context of confirmation proceedings, however, attorneys' fees may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc., No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting International Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)).

Here, Respondent failed to participate in the arbitration proceeding despite having been duly notified of the hearing, failed to satisfy the award, and failed to appear in this action to oppose the Petition. (See Pet. ¶¶ 26-31; Dkt. Nos. 1-12, 9.) "In so doing, [Respondent] has failed to offer any justification for its refusal to abide by the decision of the arbitrator." Coastal Env't Grp., Inc., 2016

5

WL 7335672 at *4; see also New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc., No. 03 Civ. 5122, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (awarding attorneys' fees and costs where respondent "chose not to participate in the arbitration proceedings or even to oppose [Petitioners'] application for confirmation of the arbitration award"); Trustees of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Drywall & Acoustics of N.E. Inc., No. 21 Civ. 5632, 2021 WL 3617266, at *2 (S.D.N.Y. Aug. 16, 2021) (request for attorneys' fees and costs was proper where respondent refused to comply with the arbitration award).

Petitioners seek $1,553.40 in attorneys' fees incurred in this federal action. (See Pet. ¶ 41; Pet'rs' Mem. at 4-5.) In support of this request, Petitioners have submitted contemporaneous billing records with descriptions of the completed tasks, the number of hours expended, and the hourly rates for the pertinent attorneys' and legal staff. (See Dkt. No. 1-14; Pet. ¶¶ 37-41.) See New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[Contemporaneous time] records . . . should specify, for each attorney, the date, the hours expended, and the nature of the work done."). Petitioners have also included the professional experience of the relevant billing attorneys. (See Pet. ¶¶ 37-39.) The Court finds that the

6

number of hours expended and the billing rates for the attorneys and other legal staff are reasonable. (See Dkt. No. 1-14; Pet. ¶¶ 37-41.) See BP Interiors Corp., 2024 WL 4150726, at *1 (awarding $2,542 in attorneys' fees arising from an unopposed petition to confirm arbitration award).

Petitioners also seek $748.00 in service fees incurred in this federal action. However, the Court declines to award the total service costs, which are several times the standard amount awarded in an unopposed petition to confirm arbitration. See Trustee of N.Y.C. Dist. Council of Carpenters Pension Fund v. 1st Choice Constr. LLC, No. 20 Civ. 07119, 2021 WL 4482278, at *3 (S.D.N.Y. Sept. 30, 2021) (noting that $75.00 is the standard service fee in actions to confirm an arbitration award). Accordingly, the Court awards $200.00 in service fees. See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. TNS Mgmt. Servs., Inc., No. 13 Civ. 2716, 2014 WL 100008, at *4 (S.D.N.Y. Jan. 10, 2014) (awarding $202.50 in service fees incurred in unopposed confirmation action).

The Court also finds that an award of post-judgment interest pursuant to Section 1961 is warranted. See Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (under Section 1961, the award of post-judgment interest is mandatory on awards in civil

7

cases); AXA Versicherung AG v. New Hampshire Ins. Co., 962 F. Supp. 2d 509, 512 (S.D.N.Y. 2013) (Section 1961 applies to actions to confirm an arbitration award). Thus, Petitioners are entitled to post-judgment interest at the statutory rate defined in Section 1961,[1] which shall be calculated from the date this Decision and Order is entered.

## IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) of Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (collectively, "Petitioners") for confirmation of the Opinion and Default Award dated July 30, 2024 (the "Arbitration Award") is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that judgment against respondent IKNA Construction LLC ("Respondent") is entered in the amount of $366,507.28; it is further

---

[1] The Section 1961 interest rate is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a).

**ORDERED** that Respondent shall make its books and records available to Petitioners within thirty (30) days for the purposes of an audit in compliance with the Arbitration Award; it is further

**ORDERED** that Petitioners are awarded $1,553.40 in attorneys' fees arising out of this proceeding; it is further

**ORDERED** that Petitioners' request for $748.00 in service costs is unreasonably high. Accordingly, Petitioners shall be awarded $200.00 in service costs arising out of this proceeding; and it is further

**ORDERED** that the Clerk of Court award Petitioners post-judgment interest that will accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date of entry of this judgment until the judgment is paid.

The Clerk of Court is directed to dismiss all pending motions and to close this case.

**SO ORDERED.**

Dated:   18 August 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.